# IN THE UNITED STATES COURT FOR THE
# EASTERN DISTRICT OF MISSOURI
# AT ST. LOUIS

| | |
|---|---|
| UNITED STATES OF AMERICA, § | |
| § | |
| Plaintiff, § | |
| § | |
| VS. § | Case No: 4:15-CR-00525-RLW-2 |
| § | |
| DARIUS J. ROSE, § | |
| § | |
| Defendant. § | |
| § | |

## DEFENDANT'S SENTENCING MEMORANDUM

COMES NOW the Defendant, DARIUS ROSE, by and through counsel, and hereby submits this Sentencing Memorandum in the above-referenced case.  Sentencing is presently scheduled for Tuesday, July 11, 2017 at 10:30am before the Hon. Ronnie White.

**I.     PROCEDURAL HISTORY**

The Defendant was charged on November 18, 2015 by way of four-count Indictment with Conspiracy to Distribute Marijuana, in violation of 21 U.S.C. § 841(a)(1), and 846 (Count One), Possession and Brandishing of a Firearm in Furtherance of a Drug-Trafficking Offense, in violation of 18 USC § 924(c)(1)(A)(i) (Count Two, Count Four), and Conspiracy to Kidnap, in violation of 18 USC § 1201(a) and (c) (Count Three).

On March 3, 2017, Defendant pled guilty to Count Three – Conspiracy to Kidnap, pursuant to a written plea agreement with the United States.

The Presentence Investigation Report ("PSR") has been completed, and the Defendant is now ready for sentencing.  All factual references contained herein are taken from those facts established in the PSR or otherwise established in the record before the Court.

**II.    ADVISORY GUIDELINE RANGE**

Consistent with the Eighth Circuit directive that an advisory guideline range must first be calculated, the Defendant states that the following findings were detailed in the aforementioned PSR:

**"Based upon a total offense level of 37, and a criminal history category of III, the guidelines imprisonment range is 262 to 327 months."**  PSR at ¶77.

### III.  Plea Agreement and PSR Considerations.

As mentioned above, the Defendant and the United States entered into a Plea Agreement pursuant to Rule 11(c)(1)(A) of the Federal Rules of Criminal Procedure.  Per the terms of the Plea Agreement, Defendant plead guilty to Count Three of the Indictment, that is, Conspiracy to Kidnap, in violation of 18 USC § 1201(a) and (c), with the Government agreeing to dismiss Counts One, Two and Four at the time of Sentencing.

The parties agreed upon a base offense level of 32 in the Plea Agreement, based upon *U.S.S.G. §2A4.1(a)*.  The parties further agreed to a six-level enhancement pursuant to *U.S.S.G. §2A4.1(b)(1)*, and a two-level enhancement pursuant to *U.S.S.G. §2A4.1(b)(3)*.  The parties also agreed that this Defendant is entitled to a 3-level deduction for acceptance of responsibility pursuant to *U.S.S.G. §3E1.1*.

There is no mandatory minimum sentence for the convicted offense, and the maximum sentence is up to life imprisonment.  The parties specifically agreed in the written plea agreement that either party may request a sentence either above or below the applicable guidelines range at sentencing.

### IV.    3553(a) FACTORS

In the remedy section of *United States v. Booker,* 125 S.Ct. 738 (2005), the Supreme Court severed and excised the provisions of the Sentencing Reform Act that made the Sentencing

Guidelines mandatory.  *Booker,* 125 S.Ct. at 756-57.  After *Booker,* the Guidelines are now advisory.  *Id.*  A sentencing court is required to consider the applicable guideline range as advisory, but it is also required to tailor the sentence in light of other statutory factors and specifically those set out in 18 U.S.C. § 3553(a).  *Booker,* 125 S. Ct. at 757. After *Booker*, a district court must first calculate a guidelines sentence, and then consider all other factors set forth in section 3553(a) to determine a reasonable sentence, including a non-guidelines sentence. *United States v. William,* 624 F.3d 889, 896-97 (10th Cir. 2010).  On appeal, the reviewing court will also review the guidelines calculation and then apply the section 3553(a) factors to determine whether any non-guidelines sentence is reasonable.  *Id.*

Pursuant to Section 3553(a), quoted in pertinent part, this Court shall consider the following factors:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
> (2) the need for the sentence imposed—
>> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>> (B) to afford adequate deterrence to criminal conduct;
>> (C) to protect the public from further crimes of the defendant; and
>> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
>
> (3) the kinds of sentences available;
> (4) the kinds of sentence and the sentencing range established for [the offense];
> (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
> (7) the need to provide restitution to any victims of the offense.

**The History and Characteristics of the Defendant  -** This Defendant's personal history is accurately reflected in the PSR, beginning at Paragraph 53 on page 12.  This Defendant has been a lifelong resident of St. Louis metropolitan area, and that he was raised almost solely by his mother.  This Defendant has very sparse contact with his father during childhood, and Mr. Rose

3

was very close to his mother growing up.  Mr. Rose has four maternal half-siblings in the St. Louis-area that he is close with, and has multiple paternal half-siblings that he has no contact with.

Mr. Rose has been in a long-term romantic relationship with the same woman, Anna Heidelberg, for over ten years, and has a 7 year-old child, Darius Rose, Jr., with this woman. Both Ms. Heidelberg and Darius Jr. are healthy individuals with no substance abuse issues or mental health issues.

**The need to Protect the Public From Future Crimes and the Need to Afford Adequate Deterrence**

A lengthy sentence of incarceration is not always necessary to satisfy this sentencing mandate.  Indeed, as observed in *Gall v. United States*, 128 S.Ct. 586 (2007), a shorter sentence coupled with a lengthy period of post-release supervision, "rather than an act of leniency, is a substantial restriction of freedom." *Gall*, 128 S.Ct. at 593.  The *Gall* Court emphasized that the defendant would have to "comply with strict reporting conditions along with a [multi]-year regime of alcohol and drug testing." *Id*.  The Court also noted that the defendant would "not be able to change or make decisions about significant circumstances in his life, such as where to life or work, which are prized liberty interests, without first seeking authorization from his Probation Officer or, perhaps, even the Court." *Id*.   As renowned criminologist Norval Morris has consistently argued, and as reflected in recent Supreme Court decisions, when determining punishment, "the least restrictive (punitive) sentence necessary to achieve defined social purposes should be imposed."  *The Future of Imprisonment, University of Chicago Press (1974), p. 59*, Norval Morris.

4

In addition, a district court "may not presume that the Guidelines range is reasonable," and instead "must make an individualized assessment based on the facts presented." *Gall*, 128 S. Ct. at 597. Moreover, the Supreme Court has specifically ruled that, in balancing the § 3553(a) factors, a judge may determine that, "in the particular case, a within-Guidelines sentence is 'greater than necessary' to serve the objectives of sentencing." A district court may consider arguments that "the Guidelines sentence itself fails properly to reflect §3553(a) considerations, or [that] the case warrants a different sentence regardless". A district court may now vary from the applicable guideline range "based solely on policy considerations, including disagreements with the Guidelines." *Kimbrough v. United States,* 128 S.Ct. 558 (2007).  Furthermore, certain courts have recently held that, if a court ultimately concludes after considering the 3553(a) factors that a non-guidelines sentence is appropriate, the court's sentence is entitled to highly deferential review by the appellate court only for a clear abuse of discretion.  *United States v. Burns,* 577 F.3d 887 (8th Cir. 2009). And, perhaps most importantly, "[t]he Guidelines range is merely one factor," and any possible sentencing disparity resulting from an outside Guidelines sentence must not be isolated "to the exclusion of all the other § 3553(a) factors."  *United States v. Winters,* 416 F.3d 856 (8th Cir. 2005).  In this case, the Defendant believes that the mandatory minimum sentences for the crimes he is convicted of (10 years on Count I, and 5 years on Count II) serve as an adequate deterrence.

**The Nature of the Offense.**  As set forth in the PSR, this Defendant knowingly, intelligently and voluntarily pled guilty to Conspiracy to Kidnap.  This Defendant is mindful of the fact that this crime is very serious in nature.

**The Kinds of Sentences Available.**  As set forth in the PSR and the Plea Agreement, there is no statutory mandatory minimum sentence for the Defendant's crime convicted of.  The maximum

5

sentence is life imprisonment.  The Defendant's applicable guidelines range actually reflect a sentence of 262 to 327 months.  Based upon the statutory requirements of 18 USC §1201, the Court has a panoply of sentencing options available.

**The Sentences of Co-Defendants.**  Both Co-Defendants in this Indictment have been sentenced. Defendant Demarcus Boyd received a 180-month sentence.  Co-Defendant Ortega Mitchell received a 168-month sentence.

**V.    Other factors**

Mitigating factors that this Court should take into consideration under §3553(a) include: (1) the Defendant's remorse, post-offense desire for rehabilitation, and age (29) demonstrates it is unlikely the Defendant will be a recidivist upon his release from incarceration; (2) the Defendant's familial responsibilities, including his responsibilities to his 7 year-old son; (3) the Defendant's substance abuse problems as documented in Paragraphs 59 – 62 in the PSR; and (4) the Defendant's lack of formal education.

*Recommended Sentence*

In keeping with the foregoing factors and as argued below, Defendant Darius J. Rose requests that this Court sentence the Defendant to a term of one hundred eighty months (180). In support of this request, Defendant states as follows:

1. Defendant has minimal criminal history, with only one felony conviction from 2009.

2. Defendant timely pleaded guilty and accepted responsibility for his actions.

3. Defendant was remanded into federal custody on November 25, 2015, and will have spent over 19 months in custody at the time of sentencing.

4. There is no mandatory minimum sentence pursuant to statute.

5.	The plea agreement allows for Mr. Rose to request a sentence below the applicable guidelines range.

6.	This requested sentence would result in a continuity of sentencing, and would eliminate an unwarranted disparity in sentencing.

## IV.	CONCLUSION

Based upon the foregoing, Mr. Darius J. Rose requests that this Honorable Court impose a sentence of One Hundred Eighty Months (180), with credit for all time previously served, followed by a term of supervised release.

Respectfully submitted,

/S/ CASEY J. SYMONDS

Casey J. Symonds (MO #59409)
Kelly, Symonds & Reed, LLC
114 Southwest Third Street
Lee's Summit, MO  64063
(816) 347-1818
FAX (816) 347-1854
casey@mokanlegal.com
ATTORNEY FOR DEFENDANT

CERTIFICATE REGARDING SERVICE

I hereby certify that it is my belief and understanding that counsel for plaintiff as well as all counsel for all co-defendants are participants in the Court's CM/ECF program and that separate service of the foregoing document is not required beyond the Notification of Electronic Filing to be forwarded upon the filing of the foregoing document. Copies of each document have been provided to opposing counsel via email as well.

/s/ Casey J. Symonds

Attorney for Defendant